## CAMERON v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. JUDGMENT — CONCLUSIVENESS AGAINST CORPORATION MERGING DEFENDANT COMPANY.

A judgment obtained in an action commenced against a corporation after it had merged into another corporation is not binding on the latter, as at the time of suit commenced the first corporation had ceased to exist, and, though the debt on which the judgment is based may be valid against the consolidated company, it is entitled to its day in court.

2. CORPORATIONS—JURISDICTION—AFFIDAVIT OF SERVICE.

An affidavit of service of summons on a corporation to the effect that the person making the service knew the person served "to have been" the president of the corporation does not confer jurisdiction over the corporation, as the service must be made on one who "is" an officer of the corporation, and not on one who "has been."

Appeal from special term, New York county.

Action by Jennette Cameron against the United Traction Company, successor to the Troy City Railway Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Samuel Ashton, for appellant.

Albert Hessberg, for respondent.

McLAUGHLIN, J. On the 29th of November, 1899, the Albany Railway, Troy City Railway Company, and Watervliet Turnpike & Railroad Company entered into an agreement to consolidate their respective franchises and merge their interests, and on the 30th of December following the agreement was consummated by the formation of a new corporation under the name of the United Traction Company. On the 17th of April, 1900, this plaintiff brought an action against the Troy City Railway Company to recover damages alleged to have been sustained by her, on the ground of the negligence of the defendant in that action. The defendant in the action then brought did not appear or interpose an answer to the complaint, and thereafter a writ of inquiry was obtained upon the plaintiff's motion, and her damages were assessed at the sum of $10,000, for which, on the 19th of June, 1900, judgment was entered in her favor against the Troy City Railway Company, and execution issued, which was subsequently returned wholly unsatisfied. After the return of the execution, the plaintiff brought this action, in which she seeks to recover from the defendant herein the amount of the judgment recovered against the Troy City Railway Company. The complaint contains two alleged causes of action. The first is predicated upon the judgment and the agreement entered into by the three companies above mentioned, which resulted in the consolidation and formation of the present defendant; the other is based upon the judgment and the section of the statute (general railroad law) which authorized the consolidation. The agreement to consolidate and the judgment roll in the action against the Troy City Railway Company are referred to and made a part of the complaint in this action. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and from the interlocutory judgment entered plaintiff has appealed.

The complaint does not state a cause of action against the defendant. The cause of action attempted to be alleged is predicated upon the judgment which the plaintiff recovered against the Troy City Railway Company, and her right to recover against the present defendant depends upon that judgment. This judgment is not, and from the very nature of things cannot be, binding upon the defendant. If it could, then its property could be taken from it without due process of law. It was not a party to the action which resulted in the judgment, and it has never had an opportunity to dispute the

validity of the plaintiff's claim which resulted in the judgment. Indeed, it had no knowledge, so far as appears, either of the commencement or prosecution of the action, and manifestly cannot be bound by it. Before one can be bound by a judgment, an opportunity must be given him to defend the action or proceeding which results in the judgment; in other words, he must have his day in court, because this is guarantied to him by the constitution. The action which resulted in the judgment in favor of the plaintiff, it will be remembered, was not commenced until after the consolidation had in fact taken place, and at that time the Troy City Railway Company had ceased to exist (Miner v. Railroad Co., 123 N. Y. 242, 25 N. E. 339), except so far as its corporate life had been continued by legislative act. After the consolidation had taken effect, all the debts and liabilities incurred by either of the corporations which were merged in the United Traction Company attached to the latter corporation, and could be enforced against it and its property to the same extent as if incurred or contracted by it. Had the action been pending at the time of the consolidation, then it could have been prosecuted to final judgment, or the new corporation could have been, by order of the court, substituted as a party. Section 73, Railroad Law.

The demurrer was also properly sustained for another reason. The judgment upon which the plaintiff bases her right to maintain the action is, so far as appears from the complaint and the papers therein referred to, void. It does not appear that the summons was ever served upon the Troy City Railway Company. The United Traction Company, as already indicated, was formed by the consolidation of the companies named on the 30th of December, 1899. The plaintiff did not bring her action against the Troy City Railway Company until April, 1900. The affidavit of service by which it is alleged the court acquired jurisdiction to render the judgment referred to is to the effect that the person making the service knew the person served "to have been the president of the Troy City Railway," and not that he knew such person to be the president. In order to bind a corporation, service must be made upon an officer of it; not one who has been, but one who is; who has authority to speak and act for it, and protect its interests. It needs no authorities to establish the proposition that service upon a person who "has been," but who is not at the time of service, an officer of a corporation, is ineffectual for any purpose. Therefore, so far as appears from the allegations of the complaint, the court never acquired jurisdiction of the Troy City Railway Company, and the judgment rendered against it was void, and no rights whatever, so far as the plaintiff is concerned, could be predicated upon it.

The judgment appealed from, therefore, must be affirmed, with costs, with leave to the plaintiff to amend her complaint within 20 days on payment of costs in this court and in the court below.

VAN BRUNT, P. J., and O'BRIEN, J., concur. PATTERSON and LAUGHLIN, JJ., concur in result.