JENNETTE CAMERON, Appellant, *v.* UNITED TRACTION COMPANY, Successor to the TROY CITY RAILWAY COMPANY, Respondent.

*Consolidation of street railway companies — an action cannot thereafter be brought against one of the constituent companies — proof of service of the summons on one known " to have been " its president.*

Where three street railway companies consolidate pursuant to the statute and form a new corporation, an action against one of the constituent companies, commenced after the consolidation has been perfected, cannot be maintained.

An affidavit alleging the service of a summons upon the president of a corporation in an action against it, which states that the affiant knew the person served *" to have been "* the president of the corporation, and not that he knew such person *to be* the president, is not sufficient to confer on the court jurisdiction over the corporation.

APPEAL by the plaintiff, Jennette Cameron, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of April, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining a demurrer to the complaint.

*Samuel Ashton,* for the appellant.

*Albert Hessberg,* for the respondent.

McLAUGHLIN, J. :

On the 29th of November, 1899, the Albany Railway, Troy City Railway Company and Watervliet Turnpike and Railroad Company entered into an agreement to consolidate their respective franchises and merge their interests, and on the thirtieth of December follow-

ing the agreement was consummated by the formation of a new corporation under the name of the United Traction Company.

On the 17th of April, 1900, this plaintiff brought an action against the Troy City Railway Company to recover damages alleged to have been sustained by her, on the ground of the negligence of the defendant in that action. The defendant in the action then brought did not appear or interpose an answer to the complaint, and thereafter a writ of inquiry was obtained upon the plaintiff's motion and her damages were assessed at the sum of $10,000, for which, on the 19th of June, 1900, judgment was entered in her favor against the Troy City Railway Company and execution issued, which was subsequently returned wholly unsatisfied. After the return of the execution the plaintiff brought this action, in which she seeks to recover from the defendant herein the amount of the judgment recovered against the Troy City Railway Company.

The complaint contains two alleged causes of action. The first is predicated upon the judgment and the agreement entered into by the three companies above mentioned, which resulted in the consolidation and formation of the present defendant; the other is based upon the judgment and the section of the statute (General Railroad Law) which authorized the consolidation. The agreement to consolidate and the judgment roll in the action against the Troy City Railway Company are referred to and made a part of the complaint in this action. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and from the interlocutory judgment entered plaintiff has appealed.

The complaint does not state a cause of action against the defendant. The cause of action attempted to be alleged is predicated upon the judgment which the plaintiff recovered against the Troy City Railway Company, and her right to recover against the present defendant depends upon that judgment. This judgment is not, and, from the very nature of things, cannot be binding upon the defendant. If it could, then its property could be taken from it without due process of law. It was not a party to the action which resulted in the judgment, and it has never had an opportunity to dispute the validity of the plaintiff's claim which resulted in the judgment. Indeed, it had no knowledge, so far as appears, either

of the commencement or prosecution of the action and manifestly cannot be bound by it.    Before one can be bound by a judgment an opportunity must be given him to defend the action or proceeding which results in the judgment; in other words, he must have his day in court, because this is guaranteed to him by the Constitution. The action which resulted in the judgment in favor of the plaintiff it will be remembered was not commenced until after the consolidation had in fact taken place, and at that time the Troy City Railway Company had ceased to exist (*Miner* v. *N. Y. C. & H. R. R. R. Co.*, 123 N. Y. 242), except so far as its corporate life had been continued by legislative act.    After the consolidation had taken effect, all the debts and liabilities incurred by either of the corporations which were merged in the United Traction Company attached to the latter corporation and could be enforced against it and its property to the same extent as if incurred or contracted by it.    Had the action been pending at the time of the consolidation, then it could have been prosecuted to final judgment or the new corporation could have been, by order of the court, substituted as a party.    (Railroad Law [Laws of 1890, chap. 565], § 73.)

The demurrer was also properly sustained for another reason. The judgment upon which the plaintiff bases her right to maintain the action is, so far as appears from the complaint and the papers therein referred to, void.    It does not appear that the summons was ever served upon the Troy City Railway Company.    The United Traction Company, as already indicated, was formed by the consolidation of the companies named on the 30th of December, 1899. The plaintiff did not bring her action against the Troy City Railway Company until April, 1900.    The affidavit of service by which it is alleged the court acquired jurisdiction to render the judgment referred to, is to the effect that the person making the service knew the person served "*to have been* the President of the said the Troy City Railway Company," and not that he knew such person *to be* the president.    In order to bind a corporation, service must be made upon an officer of it; not on one who *has been,* but one who *is;* who has authority to speak and act for it, and protect its interests.    It needs no authorities to establish the proposition that service upon a person who "has been" but who is not at the time of service an officer of a corporation, is ineffectual for any purpose.    Therefore, so far as

appears from the allegations of the complaint, the court never acquired jurisdiction of the Troy City Railway Company and the judgment rendered against it was void, and no rights whatever, so far as the plaintiff is concerned, could be predicated upon it.

The judgment appealed from, therefore, must be affirmed, with costs, with leave to the plaintiff to amend her complaint within twenty days on payment of costs in this court and in the court below.

VAN BRUNT, P. J., and O'BRIEN, J., concurred; PATTERSON and LAUGHLIN, JJ., concurred in result.

Judgment affirmed, with costs, with leave to plaintiff to amend in twenty days on payment of costs in this court and in the court below.