condition and in good repair at about the time provided by the bond. The plaintiff testified that in good repair the boat was worth $400 to $500, and that it would cost $250 to $300 to put it in proper repair. This was the utmost any witness claimed the damage to be. The verdict as first rendered by the jury was as follows: "We find for the plaintiff $400, and that the defendants have the lighter." The court remarked: "Your verdict then is for the plaintiff $400," to which the foreman of the jury assented, and judgment was entered for that amount.

In view of the statement in plaintiff's complaint that he had the boat in his possession at the time of the commencement of the action, and his proof as to the cost of repair, and the charge of the court, it is quite manifest that the jury did not intend to give the plaintiff $400 damages to the boat which the plaintiff still owned and had in his possession. Of course, the jury by their verdict could not transfer title to the boat from the plaintiff to the defendants as they attempted to do. Their assent to the rendering of a verdict for $400 was apparently under a misapprehension, and was not sustained by the evidence.

We are of the opinion that there was such a mistrial that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.

———————————

## LEE v. STILLWATER & M. ST. RY. CO. et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. CORPORATIONS (§ 591*)—CONSOLIDATION—ACTION—PARTIES.

As specifically required by Railroad Law (Laws 1890, c. 565) § 70, a cause of action existing against a corporation before its merger with another must be brought in the name of the new company, if brought after consolidation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2368–2371; Dec. Dig. § 591.*]

2. ELECTRICITY (§ 19*)—POWER COMPANY—ACTION FOR WRONGFUL DEATH—QUESTION FOR JURY.

In an action to recover for wrongful death caused by an electric shock while deceased was telephoning, by reason of the telephone wire coming in contact with the feeding wire of a power company, the question of the power company's negligence in continuing to carry a high current over the feed wire after it knew of its close proximity to the telephone wire was for the jury.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. § 19.*]

3. ELECTRICITY (§ 19*)—ACTION FOR WRONGFUL DEATH—NEGLIGENCE—QUESTION FOR JURY.

The question whether a telephone company was negligent in permitting the private telephone wires of a street railway company, which were run on its poles, to remain within four or six inches of the feed wire of a power company, subsequent contact with which caused plaintiff's death,

———————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was for the jury, in the absence of any showing as to which company was prima facie responsible for the proper maintenance of the private wire.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. § 19.*]

Smith, P. J., dissenting in part.

Appeal from Trial Term, Saratoga County.

Action for injuries by Carrie L. Lee, administratrix, against the Stillwater & Mechanicville Street Railway Company and others. Judgment of nonsuit, and defendants appeal. Judgment affirmed as to the railway company, but reversed and new trial granted as to the other defendants.

See, also, 138 App. Div. 933, 123 N. Y. Supp. 1125.

The plaintiff's intestate was killed by an electric shock while in the service of the Stillwater & Mechanicville Street Railway Company as motorman, while he was at the company's telephone box at Heart's switch, communicating with the superintendent's office. The railroad company maintained a telephone wire for the purpose of communication between the superintendent's office and the various boxes along its line, to which the motorman had access by keys. The Hudson River Telephone Company maintained its line upon its poles through Mechanicville, and, at the intersection of William street with the Champlain Canal, it crossed over the electric light feed wire of the Halfmoon Light, Heat & Power Company. On the lower arm of the telephone company's pole, nearest the crossing, were ten wires. The two inside wires on either side of the telegraph pole were the railroad company's wires. The wires on the lower arm of the telephone pole sagged, and, where they crossed the power company's line, were discovered to be about four to six inches from the feed wire, and were known to be in that condition for some time. The accident took place Sunday, April 21st, at 8:40 a. m. There was a severe storm Saturday, and a good deal of trouble was experienced Sunday morning with the telephone company's system of wires at Mechanicville. Some of them were down, and some of the telephone boxes were out of use. Immediately after the intestate's death, it was discovered that one of the railroad company's wires, near the point in question, lay upon the feed wire, at a place where its insulation was off. At two other places near by the insulation was off the feed wire, and two of the telephone company's copper wires were found broken in the immediate vicinity. The feed wire carried, 2,300 volts, and it is apparent that the electricity from the feed wire was communicated in some way through the telephone wire and caused the intestate's death.

On the 1st day of July after the accident, and before action brought, the railway company, with other railway companies, entered into a joint agreement and consolidated under the corporate name of the Hudson Valley Railway Company, which is a domestic corporation.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

R. H. Barnett, for appellant.

James McPhillips, for respondent railroad company.

John A. Deleganty, for respondent telephone company.

Patterson, Bulkely & Van Kirk (Alpheus T. Bulkley and Charles S. Motisher, of counsel), for respondent Halfmoon Light, Heat & Power Company.

JOHN M. KELLOGG, J. The railroad company was authorized by section 70 of the railroad law (Laws 1890, c. 565) to consolidate

with the other companies and form the Hudson Valley Railway Company, and section 73 provides, among other things, that:

"The rights of all creditors of either of such corporations, parties to such agreement and act, shall be preserved unimpaired, and the respective corporation shall be deemed to continue in existence to preserve the same, and all debts and liabilities incurred by either of such corporations shall thenceforth attach to such new corporation and be enforced against it and its property to the same extent as if the credit was contracted by it."

And it further provides that no pending action shall abate, but may proceed, or the new corporation may, by order of the court, on motion, be substituted as a party. After the consolidation is perfected, a new action, although upon a cause of action existing before the merger, must be brought in the name of the new company. Cameron v. United Traction Co., 67 App. Div. 557, 73 N. Y. Supp. 981.

A merger made in good faith under the statute violates no property right of creditors and deprives them of no substantial remedy which they otherwise had. They were dealing with a statutory creature which had the right to merge its existence with other like creatures in the usual statutory manner. An action brought after the merger against one of the old companies can produce no results, and the substitution of the new company is not to the disadvantage of the creditor, although an unwise merger may have been very detrimental to him.

The judgment in its favor is therefore affirmed, with costs.

It was a question of fact for the jury whether the power company was negligent in continuing to carry a high current over the feed wire when it knew of the close proximity of the telephone wires. The question should have been submitted to the jury. The judgment in its favor should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

The telephone company's local superintendent swore that the telephone company was carrying on its poles the railroad company's wire:

"We had ten wires there, and two of them were the trolley company's. Prior to the time of the accident, our line of poles had been carrying the private line of the trolley road."

When, a few days before the accident, the close proximity of the telephone wires to the feed wire was discovered by the telephone company's superintendent, he notified the power company's superintendent that the wires were close together at that point. It does not appear that he understood that it concerned the railroad company. The Tuesday before the accident he put on two new wires, one of which was below the arm and about six inches above the feed wire, and it was attached to the arm six or seven inches lower than the other wires.

It is difficult to tell just what caused the accident. The telephone company's wires burned, as did also the railroad company's wire. The evidence does not make it clear which burned first, or whether the burning of one was the cause of the burning of the other. We find the feed wire bare of insulation in three places. One of the railroad wires lay upon the feed wire, another was broken, and two of the telephone company's wires were broken. How it happens that the telephone company is carrying the wires of the railroad company does not appear;

neither does anything show which company is prima facie responsible for the proper maintenance of the wire. As the record stands it was, I think, a fair question of fact whether the negligence of the telephone company brought about or contributed to the accident.

The judgment in favor of the telephone company should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment in favor of the railway company affirmed, with costs. Judgment in favor of the telephone and the power companies reversed, and a new trial granted as to them, with costs to the appellant to abide event. All concur, except SMITH, P. J., dissenting as to the telephone company.