968

O'BRIEN v. NEW YORK EDISON CO.
et al.

O'BRIEN v. NEW YORK EDISON CO.
et al. (two cases).

District Court, S. D. New York.
June 19, 1937.

District Court, S. D. New York.
June 19, 1937.

James J. O'Brien, in pro. per.

Whitman, Ransom, Coulson & Goetz, of New York City (Jacob H. Goetz and Henry S. Reeder, both of New York City, of counsel), for Consolidated Edison Co. of New York, Inc.

James J. O'Brien, in pro. per.

Whitman, Ransom, Coulson & Goetz, of New York City (Jacob H. Goetz and Henry S. Reeder, both of New York City, of counsel), for Consolidated Edison Co. of New York, Inc.

LEIBELL, District Judge.

On December 22, 1936, the New York Edison Company, Inc., was merged with Consolidated Edison Company of New York, Inc., pursuant to section 85 of the Stock Corporation Law of the State of New York (Consol.Laws, c. 59).

On May 13, 1937, the New York Edison Company, Inc., is purported to have been served with process as a defendant named in the above actions. Such service is alleged to have been made upon "Floyd L. Carlisle as Chairman of the Board of said Company."

These motions are made by Consolidated Edison Company of New York, Inc., the successor corporation under the merger above referred to. An order is sought setting aside the alleged service of process on the New York Edison Company, Inc., in the above actions. The moving party offers to appear for the successor corporation, Consolidated Edison Company of New York, Inc., if plaintiff will agree to its substitution as a defendant in the place

of the New York Edison Company, Inc. Plaintiff, however, declines this offer despite the fact that section 85, subdivision 2, of the New York Stock Corporation Law provides that the successor corporation "shall be deemed to have assumed all the liabilities and obligations of the merged corporation and shall be liable in the same manner as if it had itself incurred such liabilities and obligations." See Guaranty Trust Co. v. New York & Q. C. Ry. Co., 253 N.Y. 190, 200, 201, 170 N.E. 887.

The matter is thus reduced to the question of the validity of the service of process.

It appears without dispute that on May 13, 1937, the date of the alleged service, the individual served, namely, Floyd L. Carlisle, was not an officer of the New York Edison Company, Inc. He had ceased to hold any position in the New York Edison Company, Inc., as of the date of the merger, December 22, 1936. The fact that Mr. Carlisle had been an officer of the New York Edison Company, Inc., prior to its merger into the Consolidated Edison Company of New York, Inc., is not enough. Cameron v. United Traction Co., 67 App. Div. 557, 559, 73 N.Y.S. 981.

The service of process upon the New York Edison Company, Inc., is therefore set aside as invalid in both cases. Submit orders on notice.